UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

WILLIAM F. BANKHEAD,

                        Plaintiff,

    -against-                                     **MEMORANDUM & ORDER**

RAY KELLY, Commissioner, NYPD;                  13-CV-04577 (NGG) (LB)
MICHAEL BLOOMBERG, NYC Mayor;
CHARLES HYNES, Kings County District
Attorney; MICHAEL CARDOZA, NYC
Corporation Counsel; NEW YORK CITY
POLICE DEPARTMENT; NEW YORK
DEPARTMENT OF FINANCE; UNITED
STATES INTERNAL REVENUE SERVICES;
UNITED STATES SOCIAL SECURITY
ADMINISTRATION;[1]

                        Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff William Bankhead, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that he was issued summonses by the New York City Police Department on the basis of his race in violation of the Equal Protection Clause of the United States Constitution. Plaintiff's request to proceed in forma pauperis, (Dkt. 2), is granted solely for the purpose of this Order. The Amended Complaint is DISMISSED, and Plaintiff is warned against filing future frivolous in forma pauperis complaints.

---

[1] Parties Cueny (Tax #921248), John/Jane Doe (Tax #93227), John J. McHugh (Shield #24708), City of New York, and Cruz (Tax #948831) named in the Complaint, are not named in the Amended Complaint. Plaintiff's Amended Complaint, filed August 30, 2013, supersedes and replaces the original complaint filed on August 12, 2013. See Moore v. City of New York, No. 09-CV-2449 (RRM), 2009 WL 2244735, at * 1 (E.D.N.Y. July 28, 2009). Thus, these parties are no longer defendants to the action.

I.  DISCUSSION

A.  **Standard of Review**

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350 plus an additional cost of $50, for a total of $400. The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342-43 (1948). Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, inter alia, that he is unable to pay the costs of the lawsuit.

Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. "[T]he benefit of § 1915 is a privilege, not a right, and that the court's extra measure of authority in dealing with § 1915 actions is necessary because frivolous suits unduly burden the courts, sometimes obscuring meritorious claims, occasion significant expenditures of public monies, and are a means by which plaintiffs can use the federal government to harass individual defendants." Anderson v. Coughlin, 700 F.2d 37, 42 (2d Cir. 1982) (internal quotation marks and citations omitted). To prevent such abusive or captious litigation, § 1915(e)(2)(B) authorizes federal courts to dismiss a claim filed in forma pauperis where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

2

Because Plaintiff brings this action pro se, his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted); accord Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A pro se complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir.1999) (per curiam).

Nonetheless, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

**B.    Plaintiff's Pending Complaint**

The in forma pauperis statute allows the court to examine Plaintiff's complaint prior to an Answer in order not to overburden the court with frivolous, malicious or repetitive lawsuits. 28 U.S.C. § 1915(e)(2)(B). For the reasons set for the below, the instant action is dismissed as frivolous and because it fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3

Plaintiff files this action, alleging, in the Amended Complaint, that he has been targeted by the police because of his race. The Amended Complaint does not allege the time or date of his alleged arrests or summonses, but Plaintiff's original complaint attaches four summonses, the most recent of which is dated July 23, 2013. He names as parties to the action the Mayor of New York City (Bloomberg), the New York City Police Commissioner (Kelly), the Corporation Counsel for the City of New York (Cordoza), the Kings County District Attorney (Hynes), the New York City Police Department, the New York Department of Finance, the Internal Revenue Service, and the Social Security Administration. He alleges multiple causes of action: false arrest, malicious prosecution, false imprisonment, and various state law claims including, intentional infliction of emotional distress, abuse of process, and negligence.[2] He seeks damages of six hundred million dollars, declaratory and injunctive relief.[3]

Federal Rule of Civil Procedure 8 requires that Plaintiff provide a short, plain statement of claim against each Defendant named so they have adequate notice of the claims against them. Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). The Amended Complaint contains no facts suggesting that Defendants took any actions that harmed Plaintiff. The Complaint is rife with "labels and conclusions," id., cast in the form of factual allegations, but Plaintiff has failed to allege any facts sufficient to allow each Defendant to have a fair understanding of the alleged wrongdoing and to

---

[2] Plaintiff has evidently created his own form complaint for filing similar claims against police officers. Under the "Incidents" section, however, he failed to provide the date of the incident and the name of the police officer, see Am. Compl. ¶¶ 6a-6b, and at one point the Amended Complaint references incidents relating to Red Bank County New Jersey, not New York City, see id. ¶¶ 58-59.
[3] To the extent Plaintiff seeks prosecution of a defendant for violation of federal criminal statutes, see Am. Compl. at 14-19, he fails to state a claim on which relief may be granted because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) (internal quotation marks and citations omitted).

4

know whether there is a legal basis for recovery. See Simmons v. Abruzzo, 49 F.3d 83 (2d Cir. 1995) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial").

For example, Plaintiff concludes that Defendants are members of racist groups and that, since 1996, NYPD officers have stalked him, falsely arrested him, and prosecuted him, at times because they had mistaken him for another person named William Bankhead but always based on his race and Defendant's enforcement of the "Jim Crow Law." See, e.g., Am. Compl. ¶¶ 5-7. Although Plaintiff repeats this argument throughout his complaint—that he brings this claim because he has been repeatedly arrested in contravention of his constitutional rights—he fails to supply the court or Defendants with any facts in support of such a naked assertion. The only inkling of a factual basis for his current claim are the four summonses attached to the initial complaint[4] but omitted from his Amended Complaint. Otherwise, the submissions are bereft of facts: Plaintiff claims his recurring arrests are due to racial profiling but provides no dates, locations, or descriptions of the arrests or the discriminatory treatment. Plaintiff points to no facts which evidence the existence of a "Jim Crow" policy allegedly practiced by the NYPD or that his arrests are based on racial animus. His argument is simply that he is African-American and he has been issued a summons, therefore he was issued a summons because of his race. This is merely a conclusion, unsupported by facts, and it cannot sustain a claim in this court.

---

[4] Plaintiff was issued a summons on January 18, 2009, for urinating in public view, and was issued summonses on August 18, 2011, November 13, 2011, and July 23, 2013, for consumption of alcohol in public. Compl. at 20-23. The August 18, 2011, summons was the subject of Bankhead v. Arrunatugui, 11-CV-4920 (NGG) (dismissed without prejudice for failure to prosecute); the November 13, 2011, summons was the subject of Bankhead v. Cruz, 11-CV-5706 (NGG) (same).

Despite its length, the complaint is merely "an unadorned, the-defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678, against all Defendants. Therefore the Amended Complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, this action is repetitive. Despite Plaintiff's settlement in 2000 in which he agreed not to raise new claims against NYPD officers for "the future detention, issuance of summons, or arrest for possession and/or consumption of alcoholic beverage in public," Bankhead v. City of New York, 00-CV-3429 (NGG), (Settlement Agreement), he repeatedly returns to courts in this Circuit with vague claims of mistreatment related to the issuance of summonses. For example, in 2011, Plaintiff filed a trio of cases in this court: Bankhead v. Police Officer Erwin Arrunatugui, 11-CV-4920 (NGG); Bankhead v. Cruz, 11-CV-5706 (NGG); and Bankhead v. NYPD Police Officer(s) Jane Does #1, 11-CV-6045 (NGG). In these cases, Plaintiff made the same allegations as those raised here: that the police issued summonses for open container violations to him because of his race. Furthermore two of the summonses attached to the Complaint in this case were the subject of these prior actions. The three 2011 cases were consolidated for discovery and motion practice, and defendant City of New York filed a motion to dismiss the complaints. Despite an extension of time in which to do so, Plaintiff filed no opposition papers to the motion nor did he respond to the court's order to inform the court in writing whether he wished to proceed with these actions. Having received no communication from Plaintiff, the court dismissed the actions without prejudice by Order dated January 28, 2013.

In these prior actions, the court expended significant judicial resources in an effort to move Plaintiff's claims forward, but Plaintiff failed to prosecute them. He now brings the same and similar claims. Plaintiff's repetitive invocation of the court's resources, especially when he has previously stated no claim or when he has allowed prior claims to languish, is an abuse of the in forma pauperis statute and will not be tolerated. See In re McDonald, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); Butler v. Dep't of Justice, 492 F.3d. 440, 444 (D.C. Cir. 2007) ("[A] prisoner who files repeated actions or appeals only to allow them to languish can present a burden to the courts similar to the problems addressed by the three strikes provision of the PLRA [which bars prisoners from proceeding in forma pauperis after three or more previous claims have been dismissed as frivolous, malicious or for failing to state a claim]"); Anderson v. Coughlin, 700 F.2d at 42. Thus, Plaintiff's Amended Complaint is "frivolous" within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) and must be dismissed.

## II. FILING INJUNCTION

### A.   Applicable Law

The ability to litigate in forma pauperis is regarded as a privilege and may be denied if abused. In re Anderson, 511 U.S. 364 (1994); In re Sindram, 498 U.S. 177, 179-80 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the court has a duty to deny in forma pauperis status to those individuals who have abused the system."); Polanco v. Hopkins, 510 F.3d 152, 156 (2d Cir. 2007) (The ability to

7

proceed in forma pauperis "is not a constitutional right, but rather a congressionally created benefit."). The Second Circuit has held that a district court not only has the authority, but also the obligation, to deny this benefit to a litigant who has a demonstrated history of filing frivolous and vexatious claims. See In re Martin–Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."), modified sub nom. Martin-Trigona v. Cohen, 876 F.2d 307, 308 (2d Cir. 1989). The Second Circuit has upheld the district court's authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (internal quotations and citations omitted); see also Pandozy v. Tobey, 335 F. App'x 89, 92 (2d Cir. 2009); Williams v. NYC Hous. Auth., No. 06-CV-5473, 2008 WL 5111105, at *5 (E.D.N.Y. Dec. 4, 2008). However, it is the "[t]he unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard." Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005) (quoting Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998)).

### B. Plaintiff's Litigation History

Plaintiff is a self-described civil rights activist and an active and regular litigator in the local federal and state courts. According to Plaintiff, by 2005, "39 criminal case dismissals [had been] attributed to plaintiff's civil rights activities" and financial settlements have been reached in "eight civil rights suit[s]." Bankhead v. Kuo, No. 05-CV-4443 (ERK), (E.D.N.Y. Sept. 6, 2005) (complaint ¶ 14). Over the years that Plaintiff has been a litigant in this court, the court

has occasionally set forth Plaintiff's litigation history, or part of it. See, e.g., Bankhead v. Kuo, 05-CV-4443 (ERK), (E.D.N.Y. Feb. 15, 2006) (memorandum and order of dismissal). What follows is the court's attempt to summarize *all* of Plaintiff's litigation in the Second Circuit, understanding that access to some of the older cases is limited and that there have been cases filed in which Plaintiff has purported to act as a paralegal on behalf of other pro se litigants. See, e.g., Bush v. NYC Parking Violations Bureau, No. 05-CV-2010 (RJD), (E.D.N.Y. 2005) (in forma pauperis complaint alleging that parking tickets are issued on a racially motivated basis dismissed sua sponte as frivolous).

In 1977, Plaintiff's petition for a writ of habeas corpus challenging a 1973 Kings County conviction on the grounds that court records of his guilty plea had been falsified was denied. Bankhead v. Lavalee, 430 F. Supp. 156 (E.D.N.Y. 1977). In its opinion, this court noted that Plaintiff had "filed approximately twenty five other actions in this district, several of which raised challenges to the petitioner's guilty plea and the alleged withdrawal of that plea by the State Court." Id. at 157 n.1. The court grappled with how to penalize Plaintiff's abuse of the judicial system:

> Parenthetically the Court observes that if there were a meaningful way of imposing costs and attorneys fees on the petitioner for frivolous applications and abuse of process, this Court would do so. The number of petitioner's lawsuits (25) in this Court alone goes a long way towards demonstrating the litigious nature of this petitioner and this hearing proved quite conclusively the lack of substance to his claim at least in this particular case.

Id. at 160.

Between the years of 1989[5] and 2010, Plaintiff filed fifteen actions in the Southern District of New York,[6] the last of which was dismissed because Plaintiff failed to serve the defendants. Bankhead v. Mercandetti, No. 10-CV-4134 (GBD) (S.D.N.Y. 2011). The subject of that suit, which was transferred from this court to the Southern District, was mistaken identity and false arrest. Plaintiff named NYPD police officers in Bronx and New York counties. Bankhead v. Mercandetti, No. 10-CV-154 (NGG) (E.D.N.Y. 2010). In Plaintiff's sole case in the Northern District of New York, Bankhead v. NYS Div. Parole, No. 91-CV-1228 (NPM) (W.D.N.Y. 1993), his habeas petition concerning his parole was denied. Plaintiff has also been an unsuccessful litigant in California and Missouri. See Bankhead v. Los Angeles Dodgers, No. 09-CV-7694 (DMG) (C.D. Cal. Dec. 7, 2010) (order dismissing action for failure to serve defendants); Bankhead v. Bankhead, No. 06-CV-806 (SWH) (W.D. Mo. Dec 14, 2007) (order dismissing action on summary judgment).

---

[5] Before January 3, 1989, records for the Southern District are not electronically accessible from Public Access to Court Electronic Records (PACER). See "Court information" https://pacer.uspcLuscourts.gov (last visited October 15, 2013).

[6] Plaintiff's fifteen in forma pauperis actions in the Southern District of New York are: Bankhead v. Mercandetti, No. 10-CV-4134 (GDB) (complaint against NYPD officer dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m)); Allen et al v. Roth, No. 08-CV-6503 (DLC) (action against landlord of other four plaintiffs; Bankhead voluntarily dismissed from action); Bankhead v. Motorola, Inc., No. 07-CV-7542 (KMW) (claim against three telecommunications companies dismissed pursuant to 28 U.S.C. 1915(e)(2)); Bankhead v. Doe, No. 06-CV-3387 (LAP) (case against New York City Department of Homeless Services dismissed with prejudice on motion to dismiss); Bankhead v. Negro League Traveling Museum, No. 06-CV-3537 (MBM) (transferred to E.D.N.Y); Bankhead v. New York City Housing Authority, No. 04-CV-10200 (JSR) (complaint dismissed for failure to serve defendants); Bankhead v. City of New York, No. 97-CV-8419 (DAB) (action against NYPD and four police officers settled for $1000); Bankhead v. Guiliani, No. 97-CV-1806 (TPG); Bankhead v. Guiliani, No. 97-CV-1807 (TPG); Bankhead v. Guiliani, No. 97-CV-1808 (TPG) (complaints against police officers who issued summonses to Plaintiff all dismissed under 28 U.S.C. § 1915(d)); Bankhead v. Ms. Ellis, No. 94-CV-3456 (DAB) (claim against NYC Housing Authority employee discontinued by stipulation of both parties); Bankhead v. NYS Parole, No. 92-CV-0283 (LBS) (complaint against New York State Division of Parole and two parole officers dismissed); Bankhead v. NYS Parole, No. 91-CV-7018 (CLB) (transferred to N.D.N.Y.); Bankhead v. Comm'r of NYS Div. Parole, No. 90-CV-4578 (CLB) (proceedings unavailable); Bankhead v. Fischbein, No. 90-CV-3872 (RPP) (same).

10

In this court, not only did Plaintiff file multiple actions challenging a criminal conviction in the 1970's, Plaintiff has been a steady presence since 1999. His nineteen in forma pauperis cases since that date are as follows.

An action filed in 1999 against the City of New York and a police officer was settled for $250, Bankhead v. City of New York, No. 99-CV-03299 (ERK), and five actions filed in 2000 were consolidated by the court and likewise settled for the sum of $250, Bankhead v. City of New York, No. 00-CV-03249 (NGG); Bankhead v. City of New York, No. 00-CV-03583 (ERK); Bankhead v. City of New York, No. 00-CV-03584 (ERK); Bankhead v. City of New York, No. 00-CV-03755 (ERK); Bankhead v. City of New York, No. 00-CV-03696 (ERK). In these five cases, Plaintiff alleged false arrest claims against New York City Police Officers who issued him open container summonses. These cases were consolidated, and on October 12, 2002, the court entered a stipulation and Order of Settlement and Dismissal in which the defendants paid Plaintiff $250 but did not admit to any constitutional violation and Plaintiff agreed to bring no future claims against the city related to summonses or arrests for open container violations. Bankhead v. City of New York, No. 00-CV-3249 (NGG) (E.D.N.Y. 2002) (lead case). The stipulation stated, in relevant part:

> [P]laintiff agrees to the dismissal of all the claims against the individually named defendants and to release all defendants; any present or former employees or agents of the City of New York and the NYPD; and the City of New York, from any and all liability, claims, or rights of action arising from and contained in these actions. Plaintiff agrees that all suits against the aforementioned defendants, pending or contemplated, for causes of action accruing up to the date of this settlement will be settled. *Plaintiff agrees that he will bring no further lawsuits against the aforementioned defendants arising from allegations of any kind contained in the related actions and/or for any future detention, issuance of summons, or arrest for possession and/or consumption of alcoholic beverage in public.*

11

Id. (stipulation of settlement and dismissal) (emphasis added).

Plaintiff's next wave of cases concerned either housing or baseball memorabilia (Plaintiff's relative was a Negro League and Major League Baseball pitcher.) See Bankhead v. Sanabia, No. 04-CV-04573 (ERK) (complaint alleging New York City failed to protect him from a dangerous tenant at New York City homeless shelter dismissed for failure to respond to the court's order to amend his complaint); Bankhead v. Renelique, No. 05-CV-2065 (ERK) (complaint challenging housing conditions at his Brooklyn apartment dismissed for failure to respond to the court's order to amend his complaint); Bankhead v. Kuo, No. 05-CV-4443 (ERK) (complaint against police officers, New York City, New York State, prosecutors, and the Commissioner of the NYPD dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) after Plaintiff failed to respond to court's directive to file an amended complaint); Bankhead v. Negro League Travelling Museum, No. 06-CV-2850 (ERK) (action alleging the unauthorized removal of baseball memorabilia from the home of Linda Bankhead dismissed for lack of subject matter jurisdiction); Bankhead v. Bankhead, No. 06-CV-3957 (ERK) (transferred to W.D. Mo.); Bankhead v. Maounis, No. 06-CV-6110 (ERK) (complaint against his landlord for discrimination against him as a "non-gay male" dismissed for lack of subject matter jurisdiction); Bankhead v. Legal Aid Society, No. 07-CV-1083 (ERK) (complaint against New York City, Legal Aid and two of its attorneys, and the NYC Department of Corrections alleging that he was deprived of essential medication during his incarceration at Rikers Island dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted); Bankhead v. L.A. Dodgers, No. 09-CV-4369 (NGG) (transferred

to C.D. Cal.); Bankhead v. McAllister, No. 11-CV-5353 (NGG) (complaint alleging that he was injured in a fire in Brooklyn, New York, and that his rights were violated in connection with this incident dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

In 2010, Plaintiff resumed bringing claims against New York City and its police officers alleging racial animus in their issuance of summonses to him. An action against New York City and police officers who issued Plaintiff summons was settled for $100. Bankhead v. Chu, No. 10-CV-0510 (NGG) (E.D.N.Y. Jan. 18, 2011) (Stipulation and Order of Settlement and Dismissal). Since the allegations are similar to the instant case and other actions that have been filed in this Circuit, and are illustrative of the types of allegations Plaintiff repeatedly makes against the NYPD, its officers and the city of New York, the court sets forth the summary of the facts of that case:

> Sometime in 2008, Plaintiff's identification papers were either lost or stolen. Plaintiff was subsequently arrested on a number of outstanding bench warrants and charged with numerous crimes. According to Plaintiff, all the charges were dismissed because the underlying summonses had actually been issued to third parties who had been using his identification documents. Following these incidents, Plaintiff began regularly searching court websites for "court posting[s] bearing his name." In November 2009, Plaintiff discovered the existence of a Queens County summons (the "November Summons") issued to a "William Bankhead" for an open-container violation. Plaintiff wrote a letter to the judge on the case explaining that his identity papers had been stolen and that the November Summons was issued to someone else. On January 7, 2010, Plaintiff was arrested on the Queens County open-container charge while appearing in Kings County Family Court on an unrelated matter. Plaintiff was arraigned in Queens County Criminal Court on January 20, 2010. At the arraignment, the Assistant District Attorney ("ADA") offered Plaintiff an Adjournment in Contemplation of Dismissal, which he refused by saying that he "would rather sue." The Complaint does not offer any further details about the arraignment or its outcome. Plaintiff filed this Complaint on February 8, 2010, alleging a battery of federal and state

claims ostensibly related to the issuance and enforcement of the November Summons.

Bankhead v. Chu, No. 10-CV-510 (NGG), 2010 WL 935371, at *2-3 (E.D.N.Y. Mar. 11, 2010) (internal citations omitted).

In 2011, Plaintiff filed the trio of cases described above in which Plaintiff alleged that the police issued summonses for open container violations to him because of his race. See Bankhead v. Arrunatugui, No. 11-CV-4920 (NGG); Bankhead v. Cruz, No. 11-CV-5706 (NGG); Bankhead v. NYPD Police Officer(s) Jane Does #1, No. 11-CV-6045 (NGG). After consolidation for discovery and motion practice, and the defendants' filing of a motion of dismiss, the case was dismissed for failure to prosecute because Plaintiff failed repeatedly to respond to the court's directive to respond to the court. See Bankhead v. City of New York, No. 11-CV-5706, (E.D.N.Y. Jan. 28, 2013) (order dismissing action).

From this lengthy history, the court notes the following: Plaintiff has sought in forma pauperis status in every action. He names the City of New York as a defendant in nearly every one of his cases and almost always names multiple defendants to his actions, often one or more city agencies, e.g. New York City Housing Authority or the Traffic Violations Bureau, and employees of those agencies. Other frequently named defendants are members of his family (who allegedly deprived him of funds generated by memorabilia of his grandfather who was a professional baseball player) and landlords (his own or those of his acquaintances or "clients"). Another pattern, relevant to the instant case and the impetus for this exercise in reviewing Plaintiff's litigation history, has arisen over the past fifteen years: Plaintiff is arrested for an open container violation or other minor infraction by NYPD officers, Plaintiff files a civil rights

14

action against the officers and the City of New York in the Southern District or this court (often more than one action over a brief period), and then New York City settles the action for an amount of $1000 or less to avoid the cost of litigation without admitting liability for a violation of Plaintiff's constitutional rights. Few would call this pattern the effective administration of justice; it is more aptly described as a successful scheme to extract nuisance settlements by a vexatious litigant. It is time to put an end to this litigation abuse.

### C. Warning Against Future Frivolous Filings

The court has considered Plaintiff's litigation history and his persistence in filing frivolous actions that seek to use the federal court to harass individual defendants or which he files and then allows to languish. Plaintiff has taxed the resources of this court as "[e]very paper [he has] filed with the Clerk of this Court, no matter how repetitious or frivolous, require[d] some portion of the institution's limited resources." In re McDonald, 489 U.S. at 184. Although the majority of his actions have been dismissed sua sponte by the court, and those claims did not survive long enough to require the intervention and expense of a defense, they still burdened the court. And those cases that Plaintiff allowed to languish by failing to respond to the court's repeated orders, also taxed judicial resources. Butler, 492 F.3d at 444.

Plaintiff has clearly exceeded the reasonable access to the courts afforded him by the in forma pauperis statute and "abuse[d] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." Lau, 229 F.3d at 123. Despite the Court's "power and the constitutional obligation to protect [its] jurisdiction from conduct which impairs [its] ability to carry out Article III functions," In re Martin-Trigona, 737 F.3d at 1261, the court declines to issue a filing injunction at this time. This order shall serve as a warning that

15

the court hopes will deter Plaintiff from further frivolous filings. The court advises Plaintiff that any future frivolous, repetitive, malicious, or vexatious filing shall subject him to a filing injunction. See In re Martin-Trigona, 9 F.3d 226, 227 (2d Cir. 1993) (recognizing that "courts may resort to restrictive measures . . . [with respect to] litigants who have abused their litigation opportunities," including "subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings"); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

## CONCLUSION

For the foregoing reasons, the complaint filed in forma pauperis is DISMISSED for failure to state a claim on which relief may be granted and because it is frivolous. 28 U.S.C. § 1915(e)(2)(B). Even a liberal reading of the Amended Complaint gives no indication that a valid claim may be asserted if further leave to amend is granted, and Plaintiff's prolific litigation history further counsels against granting such leave. Accordingly, leave to amend is not granted. Furthermore, the court notifies Plaintiff that if he files any further frivolous in forma pauperis actions, the court shall enter an Order barring Plaintiff from filing future in forma pauperis complaints without first obtaining leave of the court to do so. 28 U.S.C. § 1651. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
November 14, 2013

NICHOLAS G. GARAUFIS
United States District Judge

16